McCormack, J.
(concurring). I join Justice Vmano’s opinion in full because I believe that it goes as far as it can to provide the best possible guidance for trial courts charged with applying the statutory language at issue in this case. I write separately to encourage the Legislature to amend MCL 777.37, offense variable (OV) 7, to define, or more clearly articulate its intent in including, the language “conduct designed to substantially increase the fear and anxiety a victim suffered during the offense.”
The Legislature adopted the sentencing guidelines to promote uniformity in sentencing.[1] However, in my view, the potential for subjectivity inherent in the “conduct designed” language is likely to cause disparate outcomes for criminal defendants in this state even with the guiding principles today’s decision provides. Such a result is troubling. Given that scoring OV 7 is an all-or-nothing proposition — zero points versus 50 points — and that a 50-point increase in a defendant’s OV score is likely to result in a significant increase in a defendant’s minimum sentence, the need for clarity and consistency in its scoring is paramount if courts are to administer justice. As the Legislature appears poised to revisit the sentencing guidelines in the near future,[2]1 believe that these cases illustrate that OV 7 is an excellent example of one area *449 that could benefit from further scrutiny and hopefully, further elucidation.
We are charged with interpreting the law as it exists, however, and I believe that Justice VlVIANO’s opinion faithfully does so with as much clarity as the statutory language permits. I therefore join the majority opinion in its entirety.

 People v Smith, 482 Mich 292, 312; 754 NW2d 284 (2008).

 See, e.g., Gary Heinlein, New Michigan Prison Sentencing Guidelines Under Review, Detroit News <http://www.detroitnews.com/article/ 20130708/METR006/307080011> (accessed July 17, 2013).